## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**DAVID JONATHAN JANSSEN,**

     **Petitioner,**

     v.                                  **CASE NO.  16-3180-JWL**

**COMMANDANT, United States
Disciplinary Barracks,**

     **Respondent.**

### MEMORANDUM AND ORDER

This matter is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Petitioner challenges his parole revocation and loss of confinement credit ("street time") for the period of time he was released on parole.  The Court issued an Order to Show Cause and Respondent filed an Answer and Return (Doc. 7) ("A&R").  Petitioner failed to file a Traverse within the allowed time, and the matter is ready for resolution.  In the A&R, the Respondent contends that the Court should deny the Petition because Petitioner has failed to present his claims to the military courts.  As set forth below, the Petition is dismissed without prejudice.

"[B]efore seeking collateral review in the civilian system, a military petitioner must exhaust '*all* available military remedies.'"  *Banks v. United States*, 431 F. App'x 755, 757 (10th Cir. 2011) (emphasis in original) (quoting *Schlesinger v. Councilman*, 420 U.S. 738, 758 (1975)).  "This requires the petitioner to exhaust not just military *court* remedies but *administrative* ones as well."  *Id.* (emphasis in original) (citations omitted).  "[T]he failure to exhaust available military remedies on *any* claim generally requires a civilian court to dismiss without prejudice the petition in its *entirety*; until the petitioner takes advantage of all modes of

1

relief available in the military system, civilian review must await another day." *Id.* (emphasis in original (citations omitted).

Petitioner concedes in his petition that he has not pursued any relief in the military courts relating to his claims.  The Respondent asserts in the A&R that review of Petitioner's claims is available in the military system.  *See* A&R, Doc. 7, at 18 ("Petitioner's petition ultimately targets a perceived increase in his sentence and the process that led to that conclusion, and these are issues that he must present to the military courts before bringing them before this one."); *see also Hall v. Ledwith*, No. 13-3175-RDR, 2014 WL 4824298 (D. Kan. Oct. 26, 2014) ("Administrative determinations regarding the execution of a military sentence should be subject to review for abuse by the military appellate courts and have in fact been reviewed in military courts by way of 'a petition for extraordinary relief.'"); *United States v. Pena*, 64 M.J. 259, 265–68 (C.A.A.F. 2007) (reviewing question of whether a mandatory supervised release program increased a sentence); *Fredenburg v. United States*, No. 2009-10, 2009 WL 4250099 (A.F. Ct. Crim. App. Nov. 9, 2009) (AFCCA has jurisdiction to hear habeas corpus petitions and has authority to review the Air Force Clemency and Parole Board and its proceedings as they impact the petitioner's findings and sentence); *United States v. Streete*, No. 2010-04, 2010 WL 2308878 (A.F. Ct. Crim. App. Apr. 26, 2010) (AFCCA has jurisdiction to review a habeas corpus petition and determine whether or not the issues raised by petitioner are issues that impact petitioner's findings and sentence); *United States v. Seawell*, ACM 35531, 2008 WL 65113 (A.F. Ct. Crim. App. Dec. 28, 2007) (stating that issue of whether sentence has been unlawfully increased is an issue the court reviews de novo, noting burden is on party challenging the conditions to demonstrate there has been an increase in punishment imposed at trial, and finding no increase in punishment where no credit was given for "street time" while on MSR); *Huschak v. Gray*, 642 F.

Supp. 2d 1268, 1275–76, 1278 (D. Kan. 2009) (holding that argument that placement on MSR resulted in an increase in punishment could have been raised before the military courts and review in military courts was also available on petitioner's contention of violation of his liberty interest in good conduct time and earned abatement days without due process).

Petitioner has not filed a traverse to the Respondent's A&R and, thus, does not contest that review of his claims is available in the military system and that he has not pursued relief in the first instance through that system. The Court, then, must dismiss the petition without prejudice.[1]

**IT IS THEREFORE BY THE COURT ORDERED** that the Petitioner for relief under 28 U.S.C. § 2241 is **dismissed without prejudice**.

**IT IS SO ORDERED**.

Dated this 22nd day of December, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

---

[1] The government urges that Petitioner has procedurally waived his claim by not asserting that claim in the military system. But a claim is only waived (in the sense that the petitioner is barred from ever raising the claim in a civilian court) if the petitioner asserts a claim that "could have [been] presented to military officials but no longer may." *Banks*, 431 F. App'x at 757. Because the government has not shown that Petitioner's claims are procedurally defaulted, the Court dismisses the petition without prejudice.